**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DARNELL PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC., *et al.*,<br><br>　　　　Defendants. | Case No.: EDCV 19-02400-CJC(SPx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 25] |

## I. INTRODUCTION

On October 30, 2019, Plaintiff Darnell Phillips brought this employment discrimination action against United Parcel Service, Inc. ("UPS"), Brian Landers, and Does 1 through 100 in San Bernardino County Superior Court. (Dkt. 1-1 [Complaint,

-1-

hereinafter "Compl."].) Before the Court is Plaintiff's motion to remand. (Dkt. 25 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

This case arises from instances of alleged workplace harassment and disability discrimination that occurred while Plaintiff was employed by UPS. UPS hired Plaintiff as a warehouse employee in 1995. (Compl. ¶ 6.) Plaintiff held this position for over two decades, but in 2016, he began to experience health problems. (*Id.* ¶ 7.) Specifically, Plaintiff developed foot pains stemming from gout, high blood pressure, shortness of breath, and a heart murmur. (*Id.* ¶ 8.) He alerted UPS of these issues and requested that he be permitted to take intermittent medical leave. (*Id.* ¶ 9.) UPS granted this request. (*Id.*)

The Complaint alleges that UPS began retaliating against Plaintiff based on his intermittent medical leave request. Brian Lorton, an Inland Hub Division Manager at UPS, "repeatedly and excessively gave [him] employee write-ups, which were without merit" and issued in retaliation for Plaintiff requesting leave. (*Id.* ¶ 10.) This situation appears to have persisted for approximately two years. It finally came to a head in August 2018 after Plaintiff utilized his intermittent medical leave and called out of work due to pain. (*Id.* ¶¶ 12, 22.) Plaintiff alleges that by that point, UPS had cut off his medical insurance. (*Id.* ¶ 13.) That rendered him unable to see a doctor and thus unable to obtain a doctor's note confirming that he could not work on the day in question. (*Id.*) Plaintiff returned to work the following day but was terminated after he failed to provide

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 9, 2020 at 1:30 p.m. is hereby vacated and off calendar.

a doctor's note. (*Id.* ¶ 14.) UPS justified the termination by claiming that Plaintiff was "undependable." (*Id.* ¶ 15.)

Plaintiff has exhausted his administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and received a notice of the right to sue on March 29, 2019. (*Id.* ¶ 18.) He subsequently sued Defendants in San Bernardino County Superior Court, asserting a number of violations of California law including (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to accommodate in violation of FEHA, (3) failure to engage in the interactive process in violation of FEHA, (4) failure to prevent harassment, discrimination, and retaliation in violation of FEHA, (5) retaliation in violation of FEHA, (6) wrongful termination in violation of public policy, and (7) hostile work environment. (*See generally id.*) On December 13, 2019, Defendants removed the case, alleging that this Court has diversity jurisdiction because Brian Lorton—the only non-diverse Defendant—was fraudulently joined. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Plaintiff's motion to remand followed. (Mot.)

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564,

566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### A. Timeliness of Plaintiff's Motion to Remand

Defendants first contend that Plaintiff's motion to remand should be denied as untimely. They argue that, because Plaintiff's motion is based solely on the "forum defendant rule," it needed to be brought within thirty days of removal.[2] Defendants misconstrue Plaintiff's motion. It is not based on the forum defendant rule. The forum defendant rule bars removal based on diversity in cases when the requirements of diversity are met but one of the defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Motions to remand based on the forum defendant rule must be brought within thirty days of removal pursuant to 28 U.S.C. § 1447(c). That statute provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (holding that the forum defendant rule is procedural rather than jurisdiction and thus subject to the thirty-day time limit). Because Plaintiff's motion *is* based on this Court lacking subject matter jurisdiction over the action and *not* on the forum defendant rule, it was timely despite being filed more than thirty days after Defendants' notice of removal. (*See* Mot. at 2 [arguing that "removal of the action [was] improper" because "diversity jurisdiction does not exist"].)

//
//
//

---

[2] Defendants removed this case on December 13, 2019, but Plaintiff did not file the instant motion until February 10, 2020—59 days after removal. (Dkts. 1, 25.)

-4-

## B. Complete Diversity

The parties next dispute whether there is complete diversity of citizenship. Federal courts only have diversity jurisdiction over a matter if the parties are completely diverse. 28 U.S.C. § 1332(a). Plaintiff, a California citizen, alleges that complete diversity is not present here due to his claim against Brian Lorton, who is also a California citizen. Defendants do not dispute Lorton's citizenship but instead assert that he was fraudulently joined and cannot be used to destroy complete diversity. The Court disagrees.

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). When a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining whether there is complete diversity in a case. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id.* (internal quotations omitted). Defendants can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey*, 139 F.3d at 1318. This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Joinder is only fraudulent when a plaintiff's claims against the resident defendant fail "and the failure is obvious according to the settled rules of the state." *Id.* at 1043.

The Ninth Circuit recently reiterated that the tests for fraudulent joinder and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are not equivalent.

*See Grancare*, 889 F.3d at 549. Even if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined. Before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *See id.*

Of Plaintiff's seven claims, only the seventh—his hostile work environment claim—is asserted against Lorton. Thus, if Defendants can establish that Lorton "cannot be held liable on any theory" as to this claim, Plaintiff's motion to remand must be denied. *See Ritchey*, 139 F.3d at 1318. To successfully plead a hostile work environment claim, a plaintiff must allege that (1) he was subjected to verbal or physical conduct because of a protected characteristic, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *See Lelaind v. City and County of S.F.*, 576 F. Supp. 2d 1079, 1101 (N.D. Cal. 2008). Unlike discrimination claims, hostile work environment claims claims are cognizable against individual defendants under FEHA. *See* Cal. Gov. Code § 12940(j)(3); *Reno v. Baird*, 18 Cal. 4th 640, 644 (1998).

Defendants contend that the allegations in Plaintiff's complaint are insufficient to state a claim against Lorton, and as a result, he is a sham defendant whose citizenship cannot be considered when determining whether there is diversity jurisdiction. The Court is not persuaded. Plaintiff alleges that Lorton, an Inland Hub Division Manager at UPS, "repeatedly and excessively gave [him] employee write-ups, which were without merit" and issued pretextually in retaliation for Plaintiff requesting intermittent medical leave. (*Id.* ¶ 10.) These allegations—which are taken as true for the purposes of this motion—plausibly state a claim for hostile work environment and are sufficient to defeat Defendants' assertion of fraudulent jointer. The Complaint adequately alleges that Lorton took adverse action against Plaintiff based on his disability for a prolonged period

of time. *See Rios v. Career Educ. Corp.*, 2014 WL 6670138, at *5 (C.D. Cal. Nov. 24, 2014) (finding similar allegations against individual supervisor were sufficient to defeat fraudulent joinder on plaintiff's hostile work environment claim).

To be sure, as currently pled, the Complaint's allegations regarding Lorton's involvement in the alleged harassment are not highly detailed or specific. Despite this lack of detail, the Court is not persuaded that it is so unsalvageable as to merit a finding of fraudulent joinder. *See De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) (refusing to find fraudulent joinder even though the individual defendant was mentioned only once in plaintiff's complaint). Plaintiff's complaint sufficiently establishes that there is a *possibility* that he could recover against Lorton for hostile work environment based on the allegations that Lorton issued pretextual write-ups against him for a substantial period in time in retaliation for taking medical leaves of absence. That is sufficient to show that a finding of fraudulent joinder is not appropriate here. *See Grancare*, 889 F.3d at 551. Accordingly, Plaintiff's motion to remand is **GRANTED**.[3]

//
//
//
//
//
//
//
//

---

[3] Defendants also argue that Plaintiff's motion should be denied for failure to meet and confer prior to filing the motion, as required by Local Rule 7-3. The Court declines to deny the motion based on this alleged procedural deficiency.

-7-

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to San Bernardino County Superior Court.

DATED: February 28, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE